## Margaret A. Lueders v. Denis A. Lueders

[566 A.2d 404]

No. 88-436

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 21, 1989

*Suzanne R. Brown* of *Perry & Schmucker*, South Burlington, for Plaintiff-Appellee.

*Joseph S. Wool* and *Kurt M. Hughes* of *Wool & Murdoch*, Burlington, for Defendant-Appellant.

**Gibson, J.** Plaintiff brought an action in superior court seeking to recover child support arrearages plus the balance remaining due on a 1983 Arizona default judgment for support and maintenance arrearages. She obtained a judgment on the pleadings in the amount of $16,168.73 plus an award of $1,983.31 for attorney's fees and costs. We affirm the order as to the principal amount due, but reverse the allowance of attorney's fees.

Plaintiff sought arrearages from September 1983 to December 1984 in addition to the balance due on the Arizona judgment. Following denial of her motion for summary judgment, plaintiff filed a motion asking the court to take judicial notice of the 1983 Arizona judgment and of certain child support payment records of the Arizona trial court for the period following that judgment up to December 1984. That motion was granted, and plaintiff then moved for judgment on the pleadings, which defendant opposed on grounds that there were genuine issues of material fact. The trial court, however, granted plaintiff's motion.

On appeal, defendant argues that the motion for judgment on the pleadings was essentially a second motion for summary judgment and that his answers to plaintiff's interrogatories had raised genuine issues of material fact, requiring a hearing on the merits. Defendant is correct that plaintiff's motion for judgment on the pleadings was in essence a motion for summary judgment under V.R.C.P. 56, since "matters outside the pleadings [were] presented to and not excluded by the court." V.R.C.P. 12(c). But defendant did not raise genuine issues of fact as to any of the trial court's findings or conclusions.

■ The most critical issue addressed by the court involves its finding that "[o]n September 21, 1983 the Maricopa County Superior Court issued a judgment for Margaret A. V. Lueders against Denis A. Lueders in the amount of $21,850." Defendant argues that the judgment is not entitled to full faith and credit because he was not present for the Arizona proceedings and "does not even recall being served with notice of those proceedings." That defendant was in fact served is clear on the record, and he does not mount even a pro forma defense to recognition of the Arizona judgment in Vermont. See *Cukor v. Cukor*, 114 Vt. 456, 461–62, 49 A.2d 206, 209–10 (1946) (duly attested judgment of another state is entitled to full faith and credit; in an action on a judgment, jurisdiction of the state that rendered the judgment is to be presumed until the contrary appears).

Every other financial figure recited in the trial court's decision is admitted by defendant. Defendant admits that he was entitled to a credit of $17,079.27 from the sale of the

parties' house and a credit in the amount of about $1,036 for child support paid in 1983 and 1984 (his interrogatory answer actually claims a slightly smaller credit). The court's finding of $9,000 as the amount of child support that accrued following the Arizona judgment is addressed in defendant's response to plaintiff's request for admission:

21. That Defendant was obligated to pay the sum of Nine Thousand Dollars ($9,000) for child support for the period of September 1983 through December of 1984.

RESPONSE: Defendant is without knowledge as to the allegations contained in paragraph 21 of Plaintiff's Request for Admission. Defendant believes that the figure appears accurate.

The only other figures relied on by the trial court are interest calculations, which defendant does not contest other than by rejecting the validity of the 1983 Arizona judgment altogether.

■ Defendant argues that the trial court should not have taken judicial notice of the Arizona judgment and of the records of the Arizona trial court as to his 1983 and 1984 support payments, and we would ordinarily agree. The likelihood that official Arizona court records would be easily admissible under the hearsay exception of V.R.E. 803(8) does not render such records subject to judicial notice under V.R.E. 201 as facts "not subject to reasonable dispute." Plaintiff contends, however, that defendant agreed to the request for judicial notice at a hearing held on the motion, and the court's order confirms plaintiff's contention, noting both the date of the hearing and defendant's agreement to the ruling. As we have earlier found, all of the essential financial findings were duly admitted by defendant, with the exception of the validity of the 1983 Arizona judgment, and on that issue his argument is wholly without merit.

■ Finally, defendant contends that the court's award of attorney's fees was not supported by any findings concerning his financial condition. The trial court's findings addressed defendant's conduct, but not his purse:

Defendant Denis A. Lueders moved to Vermont in 1982. A judgment against him was rendered by an Arizona Court in 1983. He chose not to appear in court or be represented by counsel at that time. Had he met his support obligation, plaintiff would not have had to incur expenses traveling across the country to make her case.

While we stated in *Ely v. Ely*, 139 Vt. 238, 242, 427 A.2d 361, 364 (1981), that no separate hearing is necessary for the court to determine the financial circumstances of the parties inasmuch as such evidence is generally before the court at the hearing on the merits, it is another matter to award attorney's fees without any evidence or findings on that pivotal issue. In the present case, the decision on the merits dealt only with enforcement of the Arizona judgment and arrearages accruing subsequent thereto, and, unlike a matter arising on the merits in our courts, did not contain any findings regarding financial circumstances. Consequently, it must be reversed and reconsidered by the trial court after allowing the parties an opportunity to submit evidence concerning their respective financial circumstances.

*The judgment for the principal amount of $16,168.73 is affirmed. The order awarding attorney's fees is reversed and remanded for consideration in accordance with this opinion.*