## In re NEHEMIAH ASSOCIATES, INC.

[689 A.2d 424]

No. 95-561

December 6, 1996. Nehemiah Associates, Inc., appeals from a decision of the Environmental Board, which denied Nehemiah's application for an Act 250 permit to subdivide and develop a 3.38-acre lot. Nehemiah argues that the Board improperly applied the doctrine of collateral estoppel to deny a permit amendment. We agree and reverse.

In 1989, Nehemiah purchased twelve acres of land on Route 3 in Pittsford and obtained an Act 250 permit authorizing it to subdivide the land into eleven lots: ten residential lots each less than one acre and a single 3.38-acre lot. Nehemiah proposed to preserve the 3.38-acre lot undeveloped due to the prime agricultural soils, and proposed covenants to protect the farming viability of this land. Condition 9 of the permit states:

The **permittee** shall, by deed covenant to all lots, include the following restriction:

By acceptance of this deed, **Grantees** . . . acknowledge that . . . 3.38 acres

. . . are retained and made available to third parties for agricultural and related farming purposes . . . [and] waive any cause . . . of action against **Grantor** or any person utilizing the said retained lands for agricultural purposes, arising out of or pertaining to odors, run-off, or noise associated with any agricultural operation on said retained lands.

Furthermore, the **permittee** or subsequent landowners association shall maintain the 3.38 acre agricultural reserve lands as open, cleared, uncluttered, and unencumbered land.

(Emphasis added.) The district commission also found that the 3.38-acre lot "will provide a visual buffer for travellers on Route 3, by helping to maintain the rural character of the area." As of May 1994, Nehemiah had sold nine of the ten residential lots. Each of the deeds contained the paragraph above waiving the grantees' rights to bring actions for agricultural nuisance. None of the deeds contained the second paragraph reserving the open lands.

In November 1992, Nehemiah filed an application for a permit to subdivide the 3.38-acre lot into three residential lots. The permit was denied by the district commission, and Nehemiah appealed to the Environmental Board. In reviewing the application, the Board applied the doctrine of collateral estoppel and concluded that all elements were met. Noting that the doctrine should not be applied as an inflexible rule in administrative proceedings, the Board then balanced policy considerations for and against granting the permit amendment.

The Board concluded that changes in the surrounding area, from rural agricultural to residential, supported amendment of the permit. It also noted that, since the 1989 permit was issued, the Vermont Department of Agriculture had created a program that allows Act 250 applicants to mitigate the impact of developments on agricultural soils by paying fees to an agricultural preservation fund. On the other side of the balance, the Board concluded that Nehemiah had failed to comply with condition 9 of the 1989 permit because it did not include the second paragraph of condition 9 in the deeds to the lots it sold. Solely because Nehemiah failed to comply with condition 9, the Board denied the permit amendment. Nehemiah appeals.

Nehemiah first argues that the Board erred by employing the doctrine of collateral estoppel to evaluate an application for a permit amendment. We recently held in *In re Stowe Club Highlands*, 166 Vt. 33, 36-37, 687 A.2d 102, 105 (1996), that the elements of collateral estoppel are not appropriate standards to evaluate an application for a permit amendment. Thus, we agree with Nehemiah on this first issue.

Nonetheless, in *Stowe Club*, we concluded that the Board's analysis of policy considerations could provide sufficient grounds to deny a permit amendment. *Id.* at 38, 687 A.2d at 105. In that case, the Board found that there had been no relevant changes in factual or regulatory circumstances, no unforeseeable changes in the development, and no changes in technology, all factors weighing against a permit amendment. In addition, the Board found that purchasers of adjacent lots relied upon the permit condition — restricting development in the open lot — and that the district commission relied upon this restriction to mitigate the impact of the overall development. Absent any relevant changes in circumstances, we held that the reliance by the neighboring landowners and the district commission provided sufficient grounds to deny the permit amendment. *Id.* at 40, 687 A.2d at 106-07.

In this case, we are unable to uphold the decision of the Board. Here, the Board found both regulatory and factual changes in circumstances since 1989 beyond the control of the applicant. Nehemiah committed to pay the preservation fund fee necessary to mitigate the loss of 3.38 acres of primary agricultural soils. Moreover, the surrounding area has been developed for residential use since the original permit. Both factors weigh in favor of granting the permit amendment. More importantly, however, the Board denied the amendment solely on the ground that Nehemiah failed to comply with condition 9 of the original permit, and we conclude that the Board erred in finding a failure to comply.

The Board held that condition 9 required Nehemiah to include both paragraphs — the agricultural nuisance covenant and the reservation of open lands — in the deeds for each lot. Nehemiah argues that the second paragraph was not intended to be a covenant included in the deeds. We agree with Nehemiah that the Board's construction of condition 9 is inconsistent with the language. The paragraph waiving agricultural nuisance claims is written as a covenant, in terms of "grantor" and "grantee," and Nehemiah copied this language verbatim into all nine deeds. The open lands paragraph is not written as a covenant; it refers to Nehemiah as the "permittee" not as "grantor." This language would not make sense incorporated into a deed in which there is generally no "permittee." Nehemiah reasonably construed condition 9 to require the agricultural nuisance covenant only to be included in the deeds.

The open lands paragraph is a condition of the original permit to which Nehemiah seeks an amendment. Because the Board denied the amendment solely

on the ground that Nehemiah failed to include the open land paragraph in the deeds, we reverse.

*Reversed and remanded for the Board to balance the policy considerations raised by the parties to determine whether to grant the permit amendment.*

Motion for reconsideration denied December 27, 1996.