STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| Appeal of Baker and Johns | } | Docket No. 200-10-04 Vtec |
| | } | |

Decision and Order on Appellee's Motion to Dismiss

Appellants Patricia Baker and Yvonne Johns appeal from a decision of the Town of Middlebury Planning Commission, approving Appellee-Applicant Co-operative Insurance Companies' (Co-operative) application for a two-lot subdivision. Co-operative has filed a Motion to Dismiss all issues raised in Appellants' Statement of Questions. Co-operative is represented by Willem Jewett, Esq.; Appellants represent themselves.

Factual Background

1.     Co-operative owns an 80.3-acre parcel of property (the 80-acre parcel) north of Colonial Drive in Middlebury. Co-operative also owns land within the Chipman Hill Estates Planned Unit Development (the PUD). Co-operative's land within the PUD abuts the 80-acre parcel to the south and includes Co-operative's offices, as well as 6 PUD lots numbered 7, 8, 9, 10, 11, and 11a. Lots 7-11a are located between Colonial Drive and the 80-acre parcel. Pursuant to the approved PUD, Lots 7 and 8 are to remain in open space. See Co-operative's Motion to Dismiss, Exhibits 1, 8, 10, and 11.

2.     Appellants' property (purchased from Marsden on June 30, 2004) is between Colonial Drive and the southerly boundary of the 80-acre parcel, and abutting Lot 7 to its west.

3.     Co-operative submitted a subdivision application to the Middlebury Planning Commission seeking to subdivide the 80-acre parcel into two parcels, Lots A and B, 38.3 and 42 acres respectively. Co-operative intends to sell Lot A, and retain Lot B for agricultural use.

4.     Proposed access to Lots A and B is by right-of-way easement from Colonial Drive, over PUD Lot 8, and onto Lot B, then turning westerly across the southwesterly corner of Lot B to the southeasterly corner of Lot A.

5.     The Planning Commission approved the subdivision application. As part of the Commission's approval, the PUD was spontaneously modified: Lot 7 was "deemed" a

developable residential lot and access was approved over PUD Lot 8. Nothing in the record suggests that an application for amendment to the PUD approval was pending.

6. Appellants appealed the decision of the Planning Commission to this Court.

## Discussion

Co-operative filed a Motion to Dismiss all questions presented by Appellants' Statement of Questions. Co-operative also filed factual Exhibits 1-12 with its Motion, which we are therefore treating as a Motion for Summary Judgment. See, V.R.C.P. 12(c); Lueders v. Lueders, 152 Vt. 171 (1989) (when matters outside of pleadings are presented in support of a Motion to Dismiss, the Motion should be treated as one for Summary Judgment).

## Questions 1, 3, 4, and 5

Questions 1, 3, 4, and 5 address Appellants' concerns regarding the potential future subdivision and development of Lot A. However, the potential future subdivision and development of Lots A and B are not part of Co-operative's present subdivision application, and therefore are not issues we may address as part of this appeal. As the Supreme Court explained, "subdivision review is not intended to police prospective uses of the subdivided lots. No subdivider is required to specify what uses will be placed on the subdivided lots, and the act of subdivision does not restrict those uses. Indeed, there is no requirement that the subdivider know what uses will be placed on those lots." In re Taft Corners Assoc., Inc., 171 Vt. 135, 141 (2000). While the potential future subdivision and development of Lots A and B are not a part of this appeal, any further subdivision or development of Lot A or B would require that the proper application, review, and permit be in hand before regulated development of the parcels begins. Appellants may advance their concerns regarding the potential future subdivision and development of Lots A or B, if and when the applications for subdivision or development of Lots A or B are submitted.

Therefore, Co-operative's Motion is GRANTED as to Question 1, 3, 4, and 5 as beyond the present jurisdiction of the Court.

## Questions 2, 6, and 7

Questions 2, 6, and 7 address issues regarding the access right-of-way to Lots A and B as approved by the Planning Commission. Because access to Lots A and B is a part of subdivision application review, these questions are appropriate for the Court's review. However, the summary judgment record is inadequate for review of these issues without the Town's Zoning

Ordinance, because subdivision review requires analysis of the Zoning Ordinance. See §606(C)(4) of the Subdivision Regulations (incorporating §610(C) of the Zoning Ordinance).

Therefore, Co-operative's Motion is DENIED as to Questions 2, 6, and 7, without prejudice to resubmit once the Town's Zoning Ordinance and appropriate Affidavits and other relevant evidence are submitted to the Court.

Questions 8 and 9

Questions 8 and 9 address issues raised by the modification of the PUD as a part of the approved access right-of-way. Because access to Lots A and B is a part of subdivision application review, these questions are appropriate for the Court's review. Nevertheless, the summary judgment record is also inadequate for review of these issues without the Town's Zoning Ordinance, as review of Co-operative's subdivision application requires analysis of the Town's PUD regulations.

Therefore, Co-operative's Motion is DENIED as to Questions 8 and 9, without prejudice to resubmit once the Town's Zoning Ordinance and appropriate Affidavits and other relevant evidence are submitted to the Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Co-operative is GRANTED Summary Judgment as to Questions 1, 3, 4, and 5 of the Statement of Questions and DENIED Summary Judgment, without prejudice, as to Questions 2, 6, 7, 8, and 9. The parties shall provide one complete copy of the Town's Zoning Ordinance, and include any other regulations pertinent to PUD review. The parties will have 30 days after submission of the Zoning Ordinance to file supplemental Motions or memoranda. Thereafter, if all issues are not resolved by such Motions, this matter shall be set for trial.

Done at Berlin, Vermont, this __th day of March, 2005.

_____
Thomas S. Durkin
Environmental Judge