# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| **Bostwick Road Two-Lot Subdivision/** | } | **Docket No. 211-10-05 Vtec** |
| **Meach Cove Real Estate Trust/** | } | |
| **Kenneth Albert (Appeal of Senesac)** | } | |
| | } | |

## Decision on Pending Motions

Christopher Senesac appealed from the decisions of the Town of Shelburne Planning Commission, dated September 8, 2005, granting site plan and final plan approval to Kenneth Albert and Meach Cove Real Estate Trust for a 13.4-acre vineyard and wine processing facility on the westerly side of U.S. Route 7 (Shelburne Road). The proposed project is approximately 900 feet[1] southerly of Shelburne Road's intersection with Bostwick Road in the Town's Rural 2 (R2) zoning district. Appellant Senesac is represented by Edward D. Fitzpatrick, Esq.; Appellee-Applicant Kenneth Albert[2] is represented by Thomas A. Little, Esq.; and the Town of Shelburne (Town), as an interested person, is represented by Will S. Baker, Esq.

Appellee-Applicant filed a motion to dismiss Appellant as a party, alleging that he does not qualify as an interested person under 24 V.S.A. § 4465(b)(3). The motion is filed pursuant to V.R.E.C.P. 5(d). Appellant has filed several responsive memoranda in opposition to the pending motion. The Court took a site visit with the parties on February 9, 2006. Pursuant to the Court's request made at the end of the site visit, both Appellant and Appellee have filed supplemental memoranda.

---

[1] All measurements are taken by scale from Appellee-Applicant's aerial photograph and are therefore approximate. In his filing of February 21, 2006, Appellee-Applicant suggests that this distance is 1,100 feet. We reference the shorter distance, in deference to Appellant.

[2] The Planning Commission approval was granted to Kenneth Albert as applicant and Meach Cove Real Estate Trust as owner of the subdivided property. No appearance has been entered for Meach Cove Real Estate Trust in these proceedings. Therefore, this Decision only refers to Appellee-Applicant Albert.

Appellee-Applicant has also filed a motion to reconsider the revised Scheduling Order of February 6, 2006. Appellant has filed an objection to that motion as well.

Upon consideration of the parties' filings, including evidence put in context by the site visit, the Court concludes that Appellant does not satisfy the requirement of § 4465(b)(3) that he "own or occupy property in the immediate neighborhood of a property that is the subject of any decision or act taken." 24 V.S.A. § 4465(b)(3).

Where matters outside the pleadings were presented to and not excluded by this Court in the course of considering a motion to dismiss, the motion is in essence one for summary judgment, Lueders v. Lueders, 152 Vt. 171, 172 (1989). Summary judgment is appropriate only where, giving the nonmoving party the benefit of all reasonable doubts and inferences, the movant establishes there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, Murray v. White, 155 Vt. 621, 628 (1991).

Under § 4465(b)(3), individuals who own or occupy property in the "immediate neighborhood" of the proposed project may obtain party status. To interpret "immediate neighborhood," the Court examines not only the proximity of the appellant to the project on appeal, but also whether the appellant potentially could be affected by any of the aspects of the project which have been preserved for review on appeal. See In re Appeal of Stanak and Mulvaney, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., Oct. 15, 2001) (citing In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995); In re Appeal of Daniels, Docket No. 58-4-99 Vtec (Vt. Envtl. Ct., Sept. 12, 2000); and In re Appeal of Gulli, Docket No. 135-6-00 Vtec (Vt. Envtl. Ct., Mar. 22, 2001)). Essentially, the determination of whether an appellant lives in the "immediate neighborhood" is made on a case-by-case basis and largely depends on the physical environment

surrounding the project property and its nexus to a particular appellant and their property.

Appellant's home is located at 486 Bostwick Road, within a small residential neighborhood of ten to fifteen houses, approximately 2,550 feet westerly of the intersection of Bostwick and Shelburne Roads. The neighborhood sits in a small valley westerly of the National Museum of the Morgan Horse and the Shelburne Museum. Appellant's neighborhood is surrounded to the south and west by tall, presumably old, trees with significant underbrush. Appellant's home is located in the Residential 1 zoning district, which is separate from the Rural 2 district in which the proposed vineyard property is located.

Approximately 1,350 feet easterly of Appellant's house is McCabes Brook, a tributary of the LaPlatte River. Approximately 675 feet southerly of Bostwick Road as a crow flies, the brook meanders to the south and east and intersects Appellee-Applicant's northerly property line to form the westerly lot line of Appellee-Applicant's proposed vineyard.

Appellee-Applicant proposed subdividing a 13.4-acre parcel of land on the westerly side of Shelburne Road from a much larger property that is nearly 122 acres. The larger parcel is comprised of much of the land between Shelburne Road, Bostwick Road, which turns to the south just westerly of Appellant's home, and the residential neighborhood off of Ridgefield Road to the south. As stated above, the westerly boundary of Appellee-Applicant's proposed vineyard follows McCabes Brook, which is a small tributary of the LaPlatte River. As the crow flies, Appellant's home sits approximately 2,000 feet from Appellee-Applicants' proposed vineyard building.

Appellee-Applicant expects to produce approximately five-thousand cases of wine a year at their proposed vineyard on Shelburne Road. In addition to their

vineyard use, related to the growing and harvesting of grapes, Appellee-Applicant proposes to construct and operate a retail facility at which he will conduct wine tastings, tours of the vineyard for the general public, and retail sales of wine and wine-related accessories like glasses and corkscrews. Mr. Albert proposes to operate the retail component of his vineyard from 10:00 a.m. to 5:00 p.m. daily, with the peak visiting time expected to be between 10:00 a.m. and 3:00 p.m. There are regular, though not daily, truck deliveries to the site. The delivery trucks bring grapes from other vineyards to the winery in the fall and bring supplies, such as bottles and corks, to the site year-round. Wholesale wine sales will not be conducted at the proposed vineyard, as they are conducted off-site using an SUV-style vehicle.

The landscape surrounding Appellee-Applicant's proposed vineyard is significantly different in character from Appellant's immediate neighborhood. The proposed vineyard sits along Shelburne Road, which is a main arterial roadway connecting towns south of Shelburne like Middlebury and Charlotte, to South Burlington and Burlington to the north. This section of Shelburne Road is southerly of the heart of Shelburne village and is predominately rural in character, with large open fields broken only by undulating terrain and some occasional development. Significantly, neither Appellant's house, nor his neighborhood, can be seen from the proposed vineyard, as the proposed vineyard sits at a higher elevation, and tall trees and dense vegetation separate Appellant's neighborhood from the vineyard and other properties located nearby on Shelburne Road. No party suggests that the proposed development of the vineyard and its retail operations will be visible from Appellant's home property or immediate neighborhood.

Furthermore, the proposed vineyard is located near a number of tourist attractions, including the Vermont Teddy Bear factory and the Shelburne Museum. These tourist attractions are more indicative of the neighborhood near the proposed

vineyard than the residential homes surrounding Appellant's property and will undoubtedly generate business for Appellee-Applicant's vineyard and winery-related activities. Moreover, while Appellant's house may only be about 2,000 feet from the proposed vineyard building as a crow flies, if one were to drive between the two properties, Appellant's house is over a half-mile from the proposed vineyard.

While Appellant's home is near, but not abutting, the larger parcel of property that Appellee-Applicant's proposed vineyard is being subdivided from, that parcel is so large that it acts as a boundary between the residential neighborhood on Bostwick Road and the uses on Shelburne Road. Appellant purportedly is worried that traffic created by the proposed vineyard will add to the traffic that backs up on Shelburne Road for events at the Shelburne Museum. While events at the museum may impact Appellant's use of Shelburne Road, there is no suggestion in the record that the proposed vineyard will generate enough traffic to effect Appellant's residential neighborhood, which is located on a different road over a half-mile from the vineyard itself.

Even accepting the facts in the light most favorable to Appellant, his argument that the proposed vineyard will increase the impact of Museum event traffic is unconvincing. Appellee-Applicant will not operate his vineyard at the same time as the Museum's evening concerts, presumably the Museum's largest events, because the proposed vineyard will only operate until 5:00 p.m. during the summer months. Based on the specific facts of this case, including the evidence put in context by the site visit, we find no evidence to support a legal conclusion that Appellant lives in the "immediate neighborhood" of the proposed vineyard or will be impacted by Appellee-Applicant's project. Therefore, we must conclude that Appellant cannot satisfy the requirements of 24 V.S.A. § 4465(b)(3). Having failed to meet the threshold burden required of an Interested Person, his appeal must therefore be dismissed.

Because we reach this determination on the first grounds offered in Appellee-Applicant's motion, we do not address the additional arguments contained in the motion, namely that Appellant's Statement of Questions is overly broad and vague and that the proposed project should be regarded as an agricultural or silvicultural practice that is protected from certain types of municipal regulation by 24 V.S.A. § 4413(d). Lastly, because of the Court's determination announced here, Appellee-Applicant's Motion to Reconsider the Revised Scheduling Order is moot.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's motion to dismiss, having been converted to a motion for summary judgment, is **GRANTED**. In doing so, we specifically find that the facts material to the pending motion, even when viewed in a light most favorable to Appellant, do not support a determination that Appellant resides in the "immediate neighborhood" of the proposed project, nor can Appellant demonstrate a physical or environmental impact on his interest to warrant standing in this appeal under 24 V.S.A. § 4465(b)(3). These determinations conclude this appeal.

Done at Berlin, Vermont, this 24th day of February, 2006.

_____

Thomas S. Durkin, Environmental Judge