STATE OF VERMONT
ENVIRONMENTAL COURT

}
Perini Road Quarry             }                    Docket No. 264-12-05 Vtec
    (Appeal of Burnhans)     }
}

## Decision on Motion to Dismiss

This matter concerns an appeal by Bruce and Linda Burnhans (Appellants) from an oral decision by the Town of Newbury Planning Commission, granting Appellee-Applicant Pike Industries' renewal permit for their quarry operation off Perini Road. Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicant is represented by Vincent A. Paradis, Esq.; and the Town is represented by Gavin A. Reid, Esq.

On April 13, 2006, Appellee-Applicant filed a motion to dismiss Appellants' appeal, arguing that their appeal was not timely filed, that Appellants' appeal is an attempt to re-litigate an earlier unappealed decision, and that Appellants' Statement of Questions raises issues that were not properly before the Planning Commission. Appellants' Statement of Questions raises five issues: (1) whether Appellee-Applicant's conditional use permit should be amended to allow truck traffic on Perini Road; (2) whether the amended permit satisfies the Stowe Club Highlands analysis' balancing of flexibility versus finality in the permit process; (3) whether the amended permit should have included conditions related to noise reduction in light of the removal of trees on the site that acted as a noise buffer; (4) whether Appellee-Applicant should be required to construct an earthen berm for noise reduction; and (5) whether Appellee-Applicant's quarry's hours of operation should be limited to 7:00 A.M. to 4:00 P.M., Monday through Friday, as initially proposed in their original application for a zoning permit.

## Factual Background

The following facts are undisputed and relevant to the pending motion to dismiss:

1.      Appellee-Applicant operates a 118.7-acre quarry and gravel, sand, and soil pit (quarry) between Interstate 91 and Perini Road in the Town's Conservation zoning district. The quarry was first opened around the time of the construction of Interstate 91, but operation of the quarry was periodic after the highway was completed. Appellee-Applicant first received site plan approval from the Planning Commission to re-start operations at the quarry in 2003 with conditions that Appellee-Applicant properly dispose of abandoned tires then on the site, that all trucks be prohibited from using Perini Road as access, and that written notification be given to

1

abutters and the Town when Appellee-Applicant intends to use a portable crusher on-site. Instead of using Perini Road for access to the quarry from U.S. Route 302, Appellee-Applicant and its subcontractors were to use a new access road from the quarry to old Stark Trail and then to Leighton Hill Road.

2. The Planning Commission also approved Appellee-Applicant's request for authorization to extract soil, sand or gravel under § 3.10[1] of the Town's Zoning Regulations (Regulations). At the October 8, 2003 Planning Commission hearing, there was some discussion about the proposed hours of operation for the quarry. Appellee-Applicant proposed to operate the quarry from 6:00 A.M. to 5:00 P.M., Monday through Friday. While there was some

---

[1] Section 3.10 states in full:

**3.10 EXTRACTION OF SOIL, SAND OR GRAVEL:**
In accordance with Section 4464(b)(4) of the Act[,] the removal of soil, sand or gravel for sale shall be permitted only upon approval by the Planning Commission of a plan for rehabilitation of the site and the posting of a bond to assure such rehabilitation.

**3.10.1** The owner of any parcel of land from which soil, sand or gravel is being or is to be removed for commercial sale must apply for a permit each year. When someone other than the landowner is extracting sand, soil, or gravel from a parcel of land, such party may prepare the plan, post the bond or furnish the escrow account and rehabilitate the site. In such cases, however, the landowner retains the final responsibility.

**3.10.2** Before a permit can be issued, the owner of the land must have a plan for the rehabilitation of the site approved by the Planning Commission. The site rehabilitation plan shall include provisions to grade the site so that no final slope is greater than 1 foot of vertical rise per 1 and 1/2 feet horizontal. Cut slopes and spoil banks shall not be allowed to remain. The finished grade shall be covered with not less than 4 inches of top soil. The site shall be fertilized, mulched and reseeded so as to establish a firm permanent cover of grass or other vegetation sufficient to prevent erosion. The plan shall show existing grades, proposed finish grades, area to be opened and timetable for opening and closing the pit or sections of pit.

**3.10.3** In addition, the Planning Commission may make conditions which it finds necessary for access and safety.

**3.10.4** When the site rehabilitation plan has been approved, the owner will be required to take out a bond or establish an escrow account to assure that the plan will be carried out. The size of the bond or escrow account required shall be determined by the Planning Commission, but in no case shall it be greater than **One Thousand Dollars ($1,000)** per acre or part thereof. If the bond shall for any reason be canceled, the owner shall provide a valid replacement within 30 days. Failure to provide a replacement shall result in suspension of the permit.

**3.10.5** A permit shall expire one year from the date of issuance and is renewable within 30 days prior to the expiration date.

**3.10.6** When a landowner wishes to close or abandon a site he shall notify the Planning Commission in writing to this effect. The rehabilitation of the site shall be started immediately and be completed within 6 months of the closing date.

**3.10.7** If an owner does not renew a permit within 6 months after it expires, or if no sand, soil, or gravel is removed from a site which has a valid permit for a period of 2 or more years, the site shall be considered to be abandoned.

**3.10.8** When rehabilitation is complete, the owner shall notify the Planning Commission in writing. Within 45 days the Planning Commission shall inspect the site and if all conditions have been met the bond or escrow account shall be released.

Town of Newbury, Zoning Ordinance § 3.10 (Mar. 6, 2001).

discussion of further limiting the hours of operation, no limitation was incorporated into the permit. Pursuant to Regulations § 3.10.1, the Planning Commission's grant of authority to extract soil, sand and gravel was limited to a period of one year.

3. In the Fall of 2004, Appellee-Applicant filed an application with the Planning Commission to amend its site plan by adding a truck scale and scale house to the quarry, and for renewal of its annual permit, pursuant to § 3.10 of the Zoning Regulations. In its August 31, 2004 application, Appellee-Applicant stated that its hours of operation were from 6:00 A.M. to 5:00 P.M. At its September 23, 2004 public hearing, the Planning Commission unanimously granted site plan approval for all proposed changes to the site plan, including the truck scale and scale house. The Planning Commission also granted Appellee-Applicant's renewal permit, which was issued on October 22, 2004. The only difference between Appellee-Applicant's 2003 permit and its 2004 renewal permit was the addition of a condition stating that, "This permit does not include an asphalt plant. In order for that to happen, another permit would be needed."

4. On October 7, 2005, Appellee-Applicant again applied for renewal of its annual soil, sand and gravel extraction permit from the Planning Commission under § 3.10 of the Zoning Regulations. No changes from the 2004 renewal permit were proposed.

5. On October 27, 2005, the Planning Commission held a public hearing on Appellee-Applicant's renewal permit request. A number of residents, including Appellants, appeared at the hearing to express their concerns, the source for which ranged from increased noise and blasting damage to unauthorized truck traffic on Perini Road. At the hearing, the Town's Zoning Administrator stated that Appellee-Applicant satisfied all prior conditions of their permit to operate the quarry, including prohibiting their trucks from using Perini Road. As a result of the hearing, the Planning Commission made a slight amendment to Appellee-Applicant's permit condition regarding truck travel so that the permit is clear that all trucks owned by or subcontracted to Pike Industries will use the alternative access road, thereby allowing trucks not controlled by Appellee-Applicant to use Perini Road as an access to the quarry. After discussing and voting on a condition more clearly defining which trucks must use the new access drive, the Planning Commission subsequently approved Appellee-Applicant's reclamation plan, pursuant to § 3.10 of the Zoning Regulations.

6. After not receiving a written decision from the Planning Commission on Appellee-Applicant's renewal permit, Appellants appealed the Planning Commission's October 27 oral grant of the renewal permit by filing a notice of appeal in this Court on December 15, 2005. Appellants' notice of appeal simply stated, "We hereby appeal the oral decision made by

3

the Newbury Zoning Board [sic] on October 27, 2005 regarding the permit for Pike Industries in Newbury." Appellants later supplemented their notice of appeal by explaining their standing to appeal on December 23, 2005, and by describing the subject matter of the appeal when filing their Statement of Questions on January 3, 2003.

7. On the same day Appellants filed their Notice of Appeal, December 15, 2005, the Planning Commission held a public hearing and approved the minutes of the October 27 public hearing.

## Discussion

Appellee-Applicant has filed a motion to dismiss this appeal, arguing that Appellants did not timely file a notice of appeal, that they did not raise issues appropriate for this Court's consideration, and that they are merely seeking to re-litigate a previously granted and unappealed permit. Both parties have filed evidence in the form of attachments supporting Appellee-Applicant's motion to dismiss and Appellants' motion in opposition. Where matters outside the pleadings were presented to and not excluded by this Court in the course of considering a motion to dismiss, the motion is in essence converted to one for summary judgment, Lueders v. Lueders, 152 Vt. 171, 172 (1989). Summary judgment is appropriate only where, giving the nonmoving party the benefit of all reasonable doubts and inferences, the movant establishes there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, Murray v. White, 155 Vt. 621, 628 (1991).

The timely filing of a notice of appeal by a qualified appellant is jurisdictional. In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec (Vt. Envtl. Ct., Mar. 21, 2000). If a timely Notice of Appeal was filed by one or more persons qualified to file an appeal under 24 V.S.A. § 4464(b), then the Court has jurisdiction to hear the appeal. Id. Likewise, if no timely notice of appeal was filed, or if one was filed by persons not qualified to file an appeal under 24 V.S.A. § 4464(b), then the Court has no jurisdiction to hear the case, nor to consider motions to amend, because it has not acquired jurisdiction of the appeal. Id. Appellee-Applicant does not argue that Appellants do not qualify as interested persons under 24 V.S.A. § 4464(b), but rather that their notice of appeal was not filed within the thirty-day period allowed for appealing a decision of an appropriate municipal panel. See 24 V.S.A. § 4471(a); Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 5(b).

The Planning Commission announced its oral decision granting Appellee-Applicant's renewal permit at the end of its October 27, 2005 hearing. For this Court to have jurisdiction, a notice of appeal must be filed within thirty days of the decision appealed from. V.R.E.C.P.

4

5(b)(1). "Although a zoning applicant can appeal from an oral decision, that decision does not become final and the appeal period does not begin to run until either the board files its written decision or the period for doing so . . . has expired." In re White, 155 Vt. 612, 615 (1991).

When municipal land use determinations are only made in oral form, determining when they became final, and therefore appealable, becomes more problematic. We have tried to address this problem in prior cases by offering a practical suggestion: that oral determinations become final when the minutes for such oral determinations are reviewed and approved by the appropriate municipal panel. See In re Charbonneau, Docket No. 135-8-03 Vtec, slip op. at 3 (Vt. Envtl. Ct., Oct. 24, 2003) ("The only reasonable way to determine a date on which a DRB decision is 'issued' is to refer to the date appearing on the decision itself over the signatures of the DRB members (or, in the case of a decision rendered on the minutes of a board or commission hearing, the date on which those minutes were approved and signed by the board's members.)"). Thus, under our procedural rules and precedent, the Planning Commission oral decision which is the subject of this appeal became final when the Commission approved the minutes for its October 27, 2005 hearing at its December 15, 2005 hearing. Thus, a timely appeal of the subject oral determination could have been filed by any proper party until January 14, 2006. See 24 V.S.A. § 4471; V.R.E.C.P. 5(b)(1).

Appellee-Applicant also argues that Appellants' notice of appeal was flawed in form. Appellants do not dispute that their initial notice was deficient. However, as our procedural rules dictate, "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal." V.R.E.C.P. 5(b)(3). Though resembling a letter in form, Appellants' initial notice of appeal clearly states that they intended to appeal the October 27, 2005 oral decision of the Town regarding Appellee-Applicant's permit. Although the notice lacks a statement of party status and the specific location of the property, Appellants later supplemented their notice with two statements explaining their standing and describing the property at issue. Appellants' intent to appeal, as evidenced by their appeal letter, is sufficiently clear so as to constitute a valid and timely filed notice of appeal. It would therefore be inappropriate to grant Appellee-Applicant's motion to dismiss on this point.

In their Statement of Questions, Appellants raise two concerns related to noise from the on-going operations at the quarry. Appellants argue that Appellee-Applicant removed a number of trees that block noise from the quarry and the neighboring Interstate highway and request that Appellee-Applicant be required to construct an earthen berm for further noise reduction. While the construction of a berm could reduce noise from the quarry, noise associated with quarrying

5

operations is not considered in an application for a renewal permit to extract soil, sand or gravel. The plain language of Regulations § 3.10 only requires Appellee-Applicants to have a plan for rehabilitation of the site and to post a bond for such rehabilitation. Under § 3.10, as long as a sufficient rehabilitation plan has been approved by the Planning Commission and a bond posted, Appellee-Applicant will receive a renewal permit.

Appellants should raise their noise concerns in the context of site plan review, which requires consideration of whether there is a "[h]armonious relationship between proposed uses and existing adjacent uses." Regulations § 2.10.1.6. Moreover, Appellants do not assert that Appellee-Applicant's tree harvesting exceeded the scope of their permitted excavation plan, nor do they argue that the tree cutting was outside the area planned for excavation. Quarry operations and soil, sand and gravel extraction necessarily involves the removal of bushes, trees, and other vegetation in order to access the resources being excavated. Thus, in an appeal that is limited to the review of a renewal permit under Regulations § 3.10, such as here, we cannot impose noise calming measures not authorized by the Regulations, and we cannot further limit tree harvesting on the property when it was properly disclosed in Appellee-Applicant's excavation plan that received prior site plan approval. Thus, these issues should be dismissed as being outside of the proper scope of the pending appeal.

Appellants also argue that Appellee-Applicant's operating hours should be limited to 7:00 A.M. to 4:00 P.M., Monday through Friday. Like issues relating to noise, a facility's hours of operation are to be considered during site plan review when the Planning Commission investigates whether there is a "[h]armonious relationship between proposed uses and existing adjacent uses." Regulations § 2.10.1.6. In the context of an application for a renewal permit under Regulations § 3.10, the Planning Commission, and hence this Court, is not permitted to review Appellee-Applicant's hours of operation.

Appellee-Applicant originally proposed operating from 6:00 A.M. to 5:00 P.M., Monday through Friday, when they filed their 2003 permit application. Though the Planning Commission specifically considered the typical hours of operation to be 7:00 A.M. to 4:00 P.M., they did not place any conditions limiting the hours the quarry may operate. Also, in their 2004 application to amend their site plan, Appellee-Applicant again proposed operating from 6:00 A.M. to 5:00 P.M., and those proposed hours were not challenged during the Planning Commission's hearings on Appellee-Applicant's amended site plan. The amended site plan with hours of operation of 6:00 A.M to 5:00 P.M., Monday through Friday, was approved orally at the

6

September 23, 2004 public hearing, and was not appealed. Therefore, the hours of operation cannot be challenged directly or indirectly in this appeal. See 24 V.S.A. § 4472.

Question 1 of Appellants' Statement of Questions asks whether Appellee-Applicant's permit should be amended to allow truck traffic on Perini Road. During review of Appellee-Applicant's 2005 renewal permit application, the Planning Commission apparently wished to clear up some confusion regarding whether the Town's own trucks could exit the quarry via Perini Road and whether local residents who take gravel from the quarry could also use the Perini Road access. In renewing Appellee-Applicant's permit at the October 24, 2005 public hearing, the Planning Commission decided to continue to prohibit Appellee-Applicant's trucks from using Perini Road, but amended the permit, removing the prohibition on all trucks using Perini Road. This change in the permit's conditions occurred without the Planning Commission conducting site plan review and without evaluating the change's impact on the quarry's traffic and circulation.

The lifting of the prohibition on the use of Perini Road by all trucks not controlled by Appellee-Applicant is a change in the quarry's site plan. Because of this change in truck traffic, the Planning Commission should have undergone a new review of Appellee-Applicant's site plan, and the proposed increased use of Perini Road by the Town and other trucks not owned or subcontracted to Appellee-Applicant should have been evaluated under Regulations § 2.10.1.5, which requires the Planning Commission to consider the "[m]aximum safety of vehicular circulation between the site and street network." Id. Therefore, the Planning Commission's change in Appellee-Applicant's second permit condition within the context of a renewal permit application is invalid and cannot be enforced without the Planning Commission first conducting a new review of Appellee-Applicant's site plan in light of the proposed change in truck traffic.

The Planning Commission must first address the alteration of truck traffic by conducting site plan review before the traffic issue may be addressed in any appeal to this Court. Our jurisdictional scope is limited to review of issues first addressed by the appropriate municipal panel (AMP). See In re Torres, 154 Vt. 233, 235-236 (1990). To rule upon issues not first addressed by an AMP, such as site plan review, would violate the jurisdictional limits of this Court. Id.

Appellants also ask this Court to review Appellee-Applicant's renewal permit by balancing the need for finality against the need for flexibility in the permit process, pursuant to the standards used by the former Environmental Board when reviewing proposed amendments to state land use permits, as discussed in In re Stowe Club Highlands, 166 Vt. 33, 37-40 (1996). In

7

In re Appeal of Hildebrand, Docket No. 228-12-04 Vtec, slip op. at 5 (Vt. Envtl. Ct., Oct. 13, 2005), we found that the framework established by the Vermont Supreme Court in In re Stowe Club Highlands, 166 Vt. 33 (1996); In re Nehemiah Assoc., 166 Vt. 593 (1996) (Nehemiah I); and In re Nehemiah Assoc., 168 Vt. 288 (1998) (Nehemiah II), to be helpful in analyzing whether to allow amendments of municipal zoning and subdivision permits. However, in their 2005 application for a renewal permit under Regulations § 3.10, Appellee-Applicant proposed no changes to their rehabilitation plan. Without a proposed amendment to their rehabilitation plan, the so-called Stowe Club Highlands analysis is not applicable. We therefore decline to engage in this balancing analysis when no amendment is sought in the pending proceeding.

Accordingly, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's motion to dismiss is **DENIED** as to the timeliness and adequacy of Appellant's notice of appeal, but is **GRANTED** as to four of Appellants' Questions, specifically: (a) whether to conduct a so-called Stowe Club Highlands balancing test; (b) whether the hours the quarry is to operate are to be limited; (c) whether Appellant-Applicant's tree harvesting should be limited; and (d) whether Appellee-Applicant should install an earthen berm.

Because the Planning Commission below approved an amendment to Appellee-Applicant's site plan without first conducting site plan review in accordance with Regulations § 2.10, we **VACATE** that part of the 2005 renewal permit that authorized quarry traffic to travel on Perini Road. The remainder of the Planning Commission's approval of the 2005 quarry renewal permit under Regulations § 3.10 is **AFFIRMED**. To the extent that the Town, Pike Industries, Inc., or other parties intend for the 2005 or subsequent annual permits under Regulations § 3.10 to include authority for quarry truck travel on Perini Road, an amendment of the quarry's site plan approval under Regulations § 2.10 must first be obtained.

These determinations conclude this appeal. Appellee-Applicant's 2005 renewal permit is **GRANTED** with the same conditions imposed in Appellee-Applicant's 2004 renewal permit.[2] A Judgment Order accompanies this Decision.

Done at Berlin, Vermont, this 28th day of August, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[2] The record reflects that the 2005 and 2004 renewal permits were identical, other than the changes to truck traffic that this Decision has stricken.