Elnicki v. People's United Bank, No. 33-1-13 Bncv (Carroll, J., July 10, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 33-1-13 Bncv** |

| | |
|---|---|
| **Kevin Elnicki,**<br>    **Plaintiff**<br><br>**v.**<br><br>**People's United Bank, Successor in interest**<br>**by merger to Chittenden Trust Company**<br>**d/b/a Chittenden Bank,**<br>    **Defendant.** | |

### ENTRY ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff sues Defendant for converting his property, wrongfully placing $35,000 in his account on hold, and breaching the covenant of good faith. The underlying facts all relate to a failed deal between two corporations owned by Plaintiff and a Tennessee corporation.[1] Defendant held liens on the assets of the Tennessee corporation. After receiving approval from the Court, Defendant sold the assets of the Tennessee corporation at auction. Plaintiff alleges Defendant sold some of his property in the process.

Prior to the sale, Plaintiff and Defendant negotiated over the ownership of the disputed property. In May of 2012, Plaintiff opened an account with $35,000 with Defendant. Plaintiff used one of his corporations, New England Quality Service, Inc., to open account the account for his other corporation, Burgess Brothers Land Company, LLC. Defendant then placed these funds on hold while the parties negotiated and agreed not to sell the disputed property during the negotiations. The negotiations failed and Defendant sold the property. Plaintiff withdrew the $35,000 in March of 2013.

On April 11, 2013, Defendant moved for summary judgment. Defendant argued Plaintiff cannot prevail on the merits and Plaintiff is not the real party in interest under V.R.C.P. 17. Defendant cited to the record throughout its motion but did not attach a statement of undisputed material facts. On April 29, 2013, Defendant filed a supplemental memorandum arguing it did not need to attach a separate statement of undisputed material facts. On June 11, 2013, Plaintiff opposed Defendant's motion for summary judgment. Plaintiff objected to Defendant's failure to attach a statement of undisputed material facts, argued he is the correct party, and argued Defendant is not entitled to summary judgment on the merits. On June 27, 2013, Defendant responded to Plaintiff's opposition.

---

[1] The Court takes these facts from the complaint and the filings and exhibits attached to the motion for summary judgment. As the Court will discuss, Defendant failed to file a statement of undisputed material facts. The facts recited in this motion merely give context to the order and are not findings.

The first issue in this motion is whether Defendant must attach a statement of undisputed material facts to its motion for summary judgment. According to V.R.C.P. 56(c)(1): "A party asserting that a fact cannot be… genuinely disputed must support the assertion by: filing a separate and concise statement of undisputed material facts..." The Court may deny summary judgment because of a failure to attach a statement of undisputed material facts. *See Clayton v. Unsworth*, 2010 VT 84, ¶ 28, 188 Vt. 432 (noting the Court need not consider any facts not contained in a statement of undisputed material facts).

Defendant argues it does not need a statement of material facts because it cited to the record throughout its memorandum and drew the facts from the complaint, answer, and exhibits. In essence, its motion for summary judgment is a motion for judgment on the pleadings with a few extra facts. Further, its formatting is sufficient under V.R.C.P. 12(c) and 56(c)(1). Although Defendant cites several cases to support its position none of these cases excuse Defendant from including a statement of undisputed material facts.

First, Defendant argues *Leuders v. Leuders* allows it to proceed because its summary judgment motion is the same as a motion for judgment on the pleadings with a few additional facts. *See* 152 Vt. 171, 172 (1989). Although it is possible to covert a motion for judgment on the pleadings to a motion for summary judgment under V.R.C.P. 12(c ), *Leuders* does not excuse Defendant from filing a statement of undisputed facts.

Second, Defendant argues *Johnson v. Harwood* indicates "verified pleadings may be used in lieu of an affidavit to support a summary judgment motion." Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment (Apr. 29, 2013); *see Johnson v. Harwood*, 2008 VT 4, ¶ 9, 183 Vt. 157. *Johnson* holds a complaint may be used to oppose a motion for summary judgment, not that it may be used instead of a statement of material facts.

Third, Defendant states it does not need a statement of undisputed facts because Defendant was aware of the facts all along. *See State v. Great Northeast Prods. Inc.*, 2008 VT 13, ¶ 6, 183 Vt. 579 (mem.). *Great Northeast Productions* merely holds the Court may grant a cross-motion for summary judgment where the moving party failed to attach a statement of undisputed facts. *See id.* Defendant fails to consider that a statement of undisputed material facts is useful to the Court. Moreover, the Supreme Court decided "not to disturb a trial court's reliance on a nonconforming summary judgment-motion absent an objection." *Id.* In this case, the non-moving party objected to the failure to include a statement of facts.

Finally, Defendant argues it can satisfy its burden by showing the Court there is no evidence that supports the Plaintiff's claim. *See Ross v. Times Mirror, Inc.*, 164 Vt. 13, 18 (1995). Although Defendant's assertion is true, *Times Mirror* does not indicate a statement of undisputed facts is unnecessary. *See id.* A statement of undisputed material facts helps the Court in determining what facts exist and if those facts are sufficient to support a claim.

In this case, the Court requests a statement of undisputed material facts. The Court finds the facts of the case confusing. In particular, the Court has difficulty following which entities had rights over which assets, and when those entities had those rights. Although the emails attached as exhibits give the Court some idea of negotiations that occurred in May of 2013, the Court

2

would also like a concrete statement of what occurred in these negotiations to it can determine if a contract existed. Moreover, a statement of which entity controlled the $35,000 account would help the Court decide if Plaintiff is the real party in interest. Finally, the Court seeks a statement of undisputed facts to give Plaintiff a chance to highlight which facts might be disputed.

The Court will hold this motion for summary judgment to give Defendant a chance to submit a statement of undisputed material facts. Defendant has twenty-one days to submit the statement, or the Court may deny the motion for summary judgment. The Court will also allow Plaintiff fifteen days to respond Defendant's statement with a statement of disputed material facts. The fifteen days will start once the Court receives Defendant's statement of facts.

To facilitate resolving the procedural issues in this case, the Court notes Plaintiff may not be the real party in interest under V.R.C.P. 17. From Defendant's exhibits, it appears that New England Quality Service, Inc. paid Defendant the $35,000 and the account existed in the name of Burgess Brothers Land Company, LLC. Moreover, it appears Burgess Brothers Land Company, LLC had the claim for the assets of the Tennessee corporation. If this is the case, then the corporations would likely be the real party in interest rather than Plaintiff.[2] The Court declines to decide this issue without a statement of undisputed material facts. Nevertheless, the Court will grant summary judgment to Defendant if it determines Plaintiff is not the real party interest. *See U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, ¶¶ 19–20, 190 Vt. 210 (affirming dismissal of foreclosure where bank was not the real party in interest).

### ORDER

The Court will hold the motion for summary judgment for twenty-one days to allow Defendant to submit a statement of undisputed material facts. Plaintiff will have fifteen days, after the Court receives Defendant's statement, to submit a statement of disputed material facts.

Dated at Bennington, Vermont on July 3, 2013

Karen R. Carroll
Superior Court Judges

---

[2] Vermont law does not specify the details of when a shareholder may enforce a corporation's rights against third parties. Most cases discussing shareholder derivative suits relate to suits against the corporation, its managers, or other shareholders of the same corporation. Nevertheless, "Vermont's Rule 17 is, in pertinent part, identical to the federal rule." *Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 30, 182 Vt. 349. Under federal law, the shareholder standing "rule holds that a shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008); *see also Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.,* 493 U.S. 331, 336 (1990) ("Related to this principle we think is the so-called shareholder standing rule. As the Seventh Circuit observed, the rule is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment.").

3